I concur with the majority's decision to remand this cause for the trial court to credit Ware with all of the time he spent in custody before his probation was revoked. However, I dissent from the majority's conclusion in Part I that Ware's argument that he is entitled to $15 for each day he has served and that that amount should be credited against the restitution he owes is not preserved for appellate review.
In his motion to reconsider the revocation of his parole, Ware asked the trial court to "reconsider [its] decision to revoke the defendant's suspended sentence and also reconsider this Court's decision not [to] allow the defendant to be given credit of $15.00 per day for each day served." (C. 156.) On appeal, citing Rule 26.11(i), Ala.R.Crim.P., Ware argues that "the trial judge [erred] by not allowing [him] to earn fifteen dollars ($15.00) per day while incarcerated for failure to pay restitution." (Appellant's brief, p. 5.)
Certainly, Ware's objection at trial was sufficient to put the trial court on notice of a potential error and to allow the trial court the opportunity to correct that error. Finch v. State, 715 So.2d 906, 912
(Ala.Crim.App. 1997) ("An objection must be specific enough to put the trial court on notice of any alleged error and provide the court with an opportunity to correct any error if necessary."). Moreover, other than the fact that he added a citation to a rule of procedure on appeal, Ware's argument on appeal is identical to the argument he advanced in his motion to reconsider. I fail to see how this issue is not preserved for appellate review.
Therefore, because I believe the majority should have addressed the merits of Ware's claim in Part I of the opinion, I respectfully dissent from that portion of the opinion.
McMILLAN, P.J., concurs. *Page 42